CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SEP -7 PM 4: 19

DEPUTY CLERK_____

| | | |
|---|---|---|
| RUDY GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-104 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner RUDY GONZALES filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction in Cause No. 20940-B out of the 181st Judicial District Court of Randall County, Texas, for driving while intoxicated, a third degree felony. For the reasons set out hereafter, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

#### A. Procedural Background

The indictment charged petitioner with driving while intoxicated with two prior convictions for driving while intoxicated, further enhanced with two prior felony convictions. Petitioner pled not guilty, and the case was tried before a jury. The jury found petitioner guilty. Punishment was enhanced by two prior felony convictions, and the jury assessed a sentence of 50 years. The

judgment was affirmed on appeal. *Gonzales v. State*, 2011 WL 1775909, No. 07-10-0310-CR (Tex. App. – Amarillo May 10, 2011). Petitioner filed a state habeas corpus application in *Ex parte Gonzales*, No. WR-77,617-01 on March 29, 2012, having shown to have signed the application on March 10, 2012. The Texas Court of Criminal Appeals granted relief in the form of the opportunity to file an out-of-time petition for discretionary review. *Ex parte Gonzales*, AP-76,838 (Tex. Crim. App. August 22, 2012). Petitioner filed a petition for discretionary review, which was refused. *Gonzales v. State*, PD-1248-12 (Tex.Crim.App. November 21, 2012). Petitioner filed another state habeas corpus application on March 12, 2013, having shown to have signed the application on March 5, 2013. The state habeas corpus application was denied without written order on May 8, 2013. *Ex parte Gonzales*, No. WR-77,617-02 (Tex.Crim.App. May 8, 2013).

Petitioner then filed this federal Petition for a Writ of Habeas Corpus with a brief in support on June 10, 2013, stating he placed them in the prison mail system on June 6, 2013. Also before the Court are respondent's answer and petitioner's reply.

## B. Evidence at Trial

At trial, Texas Department of Public Safety state trooper Brassfield testified that on July 3, 2009, around 9 P.M., petitioner passed him on the roadway as they both headed southbound. Petitioner was traveling 71 m.p.h. in a 50 m.p.h. zone, according to radar. Brassfield turned on his emergency lights and stopped petitioner. While Brassfield spoke with petitioner, he noticed petitioner had slurred speech and glassy eyes. Brassfield saw four unopened beer cans on the back seat of petitioner's car. Brassfield had petitioner sit on the front seat of the patrol car. There was a strong odor of alcohol. Petitioner denied drinking alcohol. Petitioner said he was going to buy fireworks for his grandchildren, but petitioner had fireworks on the back seat. Petitioner offered no

explanation for speeding. Petitioner refused to perform any field sobriety tests, and he refused to submit to a breath test. Petitioner's refusal was a global refusal of all tests, rather than specific refusals to each test. Trooper Brassfield arrested petitioner for driving while intoxicated. According to the trooper, petitioner had lost the normal use of his mental faculties and petitioner's reaction time was slow when petitioner made a u-turn. A video of the stop from a dash camera was played for the jury over petitioner's objection that there was a lack of probable cause to arrest petitioner. Trooper Brassfield went to a judge's house and obtained a blood search warrant. When he went into the judge's house, petitioner was left handcuffed in the patrol car. When Brassfield returned to the patrol car, he saw petitioner was gone. About fifteen or twenty minutes later, petitioner was found a couple of blocks away. A nurse took a blood specimen from petitioner at the jail. Nurse Kaylen Cheri Claxton testified about the blood draw. Department of Public Safety regional laboratory manager Jim Thomas testified about the handling of the blood sample at the laboratory. Before Thomas testified about the blood-alcohol test results, defendant objected, and the trial court suppressed the results of the blood-alcohol test. Out of the jury's presence, Thomas testified that the blood-alcohol concentration was 0.24 grams per 100 milliliters of blood.

## C. Evidence at Pretrial Hearing

Trooper Brassfield testified at a pretrial hearing that he was headed northbound and petitioner was traveling southbound. Brassfield did not testify at the pretrial hearing that the smell of alcohol was strong when petitioner entered the patrol car. At the pretrial hearing, Trooper Brassfield did not testify about the conversation he had with petitioner concerning fireworks.

II.

PETITIONER'S ALLEGATIONS

Petitioner appears to contend respondent is holding him in violation of the Constitution and

laws of the United States for the following reasons:

1.      Petitioner was denied effective assistance of appellate counsel because appellate
        counsel failed to:

        a.      raise an appellate issue regarding ineffective assistance of trial counsel
                for failure to file for discovery, move for a continuance, and raise an
                objection to the video of the stop under Tex. R. Evid. 403;

        b.      raise an appellate issue regarding the trial court's abuse of discretion in
                denying a jury instruction under TEX. CODE CRIM. PROC. art. 38.23
                regarding speeding, permitting the state to argue petitioner was racist,
                and in admitting the video in evidence;

        c.      raise an appellate issue regarding the insufficiency of the evidence to
                support the conviction;

        d.      raise an appellate issue regarding the state's prejudicial comments; and

        e.      notify petitioner that the appellate court affirmed the conviction.

2.      The trial court abused its discretion by:

        a.      admitting the video into evidence in violation of Tex. Code Crim. Proc.
                art. 38.22, § 3(a);

        b.      denying petitioner's objection to the video's lack of the proper predicate;

        c.      allowing the prosecutor to call petitioner a racist;

        d.      allowing the government to argue evidence that was either suppressed or
                abandoned;

        e.       refusing to give a jury instruction under art. 38.23 regarding speeding.

3.      No evidence to support the conviction.

4.      Prosecutorial misconduct by:

     a.      presenting contradictory and false testimony of witness Brassfield;

     b.      calling petitioner a racist;

     c.      commenting on evidence that was suppressed, such as the blood sample and the escape.

5.      Ineffective assistance of trial counsel because counsel:

     a.      failed to file a motion for discovery;

     b.      failed to file a motion for continuance;

     c.      failed to raise a Rule 403 objection regarding the video.

## III.
## STANDARD OF REVIEW

### A.  Federal Habeas Corpus Relief - 28 U.S.C. § 2254(d)

Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not obtain habeas corpus relief in federal court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim resulted in a decision contrary to or involved an unreasonable application of clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

The Texas Court of Criminal Appeals heard and adjudicated on the merits the claims petitioner presents in his federal habeas corpus petition when it denied petitioner's application for state habeas relief without a written order, with the exception of the sufficiency of evidence claim as discussed in a later section of this Recommendation. *Ex parte Stauder*, No. WR-60,527-03; *see Harrington v. Richter*, 131 S. Ct. 770, 784, 178 L. Ed. 2d 624 (2011); *Ex parte Torres*, 943 S.W.2d

469, 472 (Tex. Crim. App. 1997). Petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002).

Petitioner has failed to meet this burden and review of petitioner's claims confirms the petition should be denied. Petitioner asks for an evidentiary hearing. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Brumfield v. Cain*, 744 F.3d 918, 926-27 (5th Cir. 2014) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011)). Petitioner is not entitled to an evidentiary hearing.

## B. Exhaustion of Claims in State Court

Section 2254(b) states "a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." To exhaust state remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals by a petition for discretionary review in the course of a direct appeal or through a post-conviction writ application under Tex. Code Crim. Proc. art. 11.07. *Richardson v. Procunier*, 762 F. 2d 429, 431 (5th Cir. 1985). The claim must be presented in state court in a procedurally correct manner. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).

If a petitioner has not presented a claim to the state court, the exhaustion requirement "is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law.'" *Gray v. Netherland*, 518 U.S. 152, 161, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996). Although normally a state court must explicitly apply a procedural bar in order for review to be

barred in federal court, that rule

> [d]oes not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims. *See Harris v. Reed*, 489 U.S. 255, 269-270 ... (1989) (O'Connor, J., concurring); *Teague v. Lane*, 489 U.S. 288, 297-298 ... (1989).

*Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

The Fifth Circuit has consistently found unexhausted claims, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, are procedurally barred. *See, e.g., Ogan v. Cockrell*, 297 F.3d 349, 358 n.6 (5th Cir. 2002); *Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir. 2001); *Fuller v. Johnson*, 158 F.3d 903, 906 (5th Cir. 1998) (Texas abuse-of-the-writ doctrine is regularly and strictly applied); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (dismissal is independent and adequate state bar). However, the federal court may deny a claim on the merits, even if the claim is unexhausted. See 28 U.S.C. § 2254(b)(2); *Reed v. Stephens*, 739 F.3d 753, 780 (5th Cir. 2014).

### C. Ineffective Assistance of Trial Counsel

The proper standard for reviewing a claim of ineffective assistance of counsel is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under the two-pronged *Strickland* standard, petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687. An attorney's performance was deficient if the attorney made errors so serious the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the

profession. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689. Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable." *Id.* at 690-91. This is a heavy burden which requires a "substantial," and not just a "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011); *see also Cullen v. Pinholster*, 131 S. Ct. at 1403.

Additionally, petitioner must show counsel's deficient performance prejudiced the defense. To establish this prong, petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687. Specifically, to prove prejudice, petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 844, 122 L. Ed. 2d 180 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir.1993). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland,* 466 U.S. at 697. When a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law and that presumes defense counsel's performance fell within the

bounds of reasonableness. *Burt v. Titlow,* ___ U.S. ___, 134 S. Ct. 10, 13, 187 L. Ed. 2d 348 (2013).

### D. Ineffective Assistance of Appellate Counsel

To make a claim of ineffective appellate counsel, a petitioner must meet the two-prong test of *Strickland v. Washington. Smith v. Robbins,* 528 U.S. 259, 285, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). To establish deficient performance, a petitioner must show that counsel unreasonably failed to discover and raise nonfrivolous issues. *Id.* To establish prejudice, the petitioner "must show a reasonable probability that, [but for counsel's error], he would have prevailed on appeal." *Id.* at 285-86 (citing *Strickland,* 466 U.S. at 694). To do this, he must show "that a particular nonfrivolous issue was clearly stronger than issues that counsel did present." *Id.* at 288.

### IV.
### MERITS OF PETITIONER'S CLAIMS

#### A. Video

##### *1. Admission of video in evidence*

Petitioner contends the trial court erred in admitting the video of the traffic stop and the encounter between petitioner and Trooper Brassfield into evidence. The dash-cam of the patrol car recorded events from the time Brassfield stopped petitioner until they arrived at the police station. Petitioner argues the video was made while he was undergoing custodial interrogation, and he had not been warned he was being recorded, in violation of TEX. CODE CRIM. PROC. art. 38.22, § 3(a).

Petitioner also contends the trial court erred in denying an objection to the lack of predicate for the video. The trial court overruled defense counsel's objection that not all of the voices heard on the video were identified.

Petitioner makes a conclusory allegation that the admission of the video violated his constitutional right to a fair trial. *See Woods v. Cockrell*, 307 F.3d 353, 357 (5th Cir. 2002) (a statement of a legal conclusion, without a serious attempt to argue or substantiate the issue, is a waiver or abandonment of the issue); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("mere conclusory allegations on a critical issue are insufficient to raise a constitutional claim"). Petitioner has not shown how his constitutional rights were violated by the admission of the video. Petitioner only argues state law violations of the Texas Code of Criminal Procedure. In federal habeas corpus actions, federal courts do not sit to review the admissibility of evidence under state law or errors of state law. *Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("[w]e have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States."); *Hill v. Johnson*, 210 F.3d 481, 491 (5th Cir. 2000); *Little v. Johnson,* 162 F.3d 855, 862 (5th Cir. 1998); *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir. 1992) ("errors of state law, including evidentiary errors, are not cognizable in habeas corpus"). Petitioner's claim of state law error is not a basis for federal habeas corpus relief. Additionally, petitioner has not shown there was error under state law.

### a.  Warning that petitioner was being recorded

Petitioner argues he was not warned that he was being recorded, in violation of TEX. CODE CRIM. PROC. art. 38.22, § 3(a). The statute provides:

Sec. 3.  (a)  No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:

(1) an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement;

(2) prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above [*Miranda*-type warning] and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;

(3) the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered;

(4) all voices on the recording are identified; and

(5) not later than the 20th day before the date of the proceeding, the attorney representing the defendant is provided with a true, complete, and accurate copy of all recordings of the defendant made under this article.

TEX. CODE CRIM. PROC. art. 38.22, § 3(a).  Although the statute requires *Miranda* warnings be given, it does not include any requirement that the person being recorded be warned that he is being recorded.

Petitioner's statements on the video were not the result of custodial interrogation.  Trooper Brassfield testified he arrested petitioner when petitioner refused the sobriety tests.  Custody under art. 38.22 has the same meaning as custody for purposes of *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).  A person temporarily detained pursuant to a traffic stop is not in custody, and incriminating statements made during that temporary detention are not the products of custodial interrogation.  *Shpikula v. State*, 68 S.W.3d 212, 218-19 (Tex. App. – Houston [1st Dist.] 2002, *pet. ref'd*) (citing *Berkemer v. McCarty*, 468 U.S. 420, 440, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984), and *State v. Stevenson*, 958 S.W.2d 824, 828-29 (Tex. Crim. App. 1997)).  Petitioner was not in custody prior to the arrest, and petitioner does not allege he made any statements after his arrest.  Since there was no custodial interrogation the video did not have to comply with art. 38.22 for it to be admitted into evidence.

### b. Identification of voices in the video

Petitioner argues the video was not admissible, because not every voice on the video was

identified. Even if art. 38.22 applied, only material voices are required to be identified. TEX. CODE CRIM. PROC. art. 38.22, § 3(e); *Corwin v. State*, 870 S.W.2d 23, 33 (Tex. Crim. App. 1993). Trooper Brassfield testified that the voices on the video belonged to Brassfield, petitioner, the people at the jail, Brassfield's sergeant, and another trooper who arrived to help at some point. Petitioner does not point out any voice that was not identified, and he does not argue how any unidentified voice was material. Petitioner has not shown the state court's rejection of this claim was unreasonable.

### 2. *Ineffective assistance of trial counsel regarding video*

Petitioner contends trial counsel failed to object to the video on the basis that its probative value was substantially outweighed by its prejudicial effect under Tex. R. Evid. 403. Specifically, he claims the video shows he exercised his right to remain silent, invoking his Fifth Amendment rights. Trial counsel's affidavit in response to the state habeas corpus application stated:

> In my experiences in these types of cases, the video portrayal of a DWI suspect's performance on the sobriety tests, as well as his responses to the officer's initial questions, is invariably relevant and material to the issues that normally crop up in DWI prosecutions. I knew that if my initial objections to the in-dash video were overruled, there was little, if any, chance of success that the trial court would ever prevent the introduction of the evidence pursuant to the balancing task required when one makes a Rule 403 objection. Again, the law does not require that I perform an unnecessary or redundant act. Therefore, engaging the trial court by requesting that it balance the video's relevan[ce] and materiality against the prejudice did not make sense to me, was an exercise in futility and would have diverted me from the more important tasks at hand which were essentially making every effort to exclude proof of Applicant's blood alcohol content and keeping the escape charge from going to the jury. On both of these points I was successful. To recap, it was and is my professional opinion that the in-dash video, once the trial court determined that it was relevant and material, was not susceptible to a Rule 403 objection.

Docket Entry No. 16-5 at 150-51.

Since petitioner has not shown he was subjected to custodial interrogation, the video was not inadmissible under Rule 403. *See Smith v. State*, 105 S.W.3d 203, 207 (Tex. App. – Houston [14th Dist.] 2003). Petitioner has not overcome the presumption that trial counsel's decision regarding a Rule 403 objection was sound. Petitioner has not shown that the state court's rejection of his claim was unreasonable.

Petitioner also claims that when the video was played in court, he asked whether trial counsel had seen the video, and counsel said he had not seen it. Petitioner contends counsel should have moved for discovery and moved for a continuance. Trial counsel's affidavit states he viewed all of the state's files pursuant to the prosecutor's open file policy, he saw all the videos, there were no surprises at trial, and there was no need to move for discovery or move for a continuance. Docket Entry No. 16-5 at 148-49. The state court could have believed trial counsel and petitioner has not shown the state court's rejection of these claims was unreasonable.

### 3. *Ineffective assistance of appellate counsel regarding the video*

Petitioner contends he received ineffective assistance because appellate counsel failed to raise the issues about the video that petitioner raises in his § 2254 petition. Respondent argues these claims of ineffective assistance of appellate counsel are unexhausted and procedurally barred, because petitioner did not raise these claims in state court. However, petitioner's state habeas corpus application alleged he received ineffective assistance of counsel when counsel did not raise preserved issues on appeal, including issues that the video was admitted without the proper predicate under art. 38.22, § 3(a) and that petitioner was not aware he was being recorded. Docket Entry No. 16-5 at 51. Therefore, it appears these claims were exhausted in state court, but petitioner is still not entitled to relief because these claims lack merit. Because the trial court did not err in

admitting the video into evidence, appellate counsel did not render ineffective assistance for failing to raise issues about the admission of the video into evidence. Petitioner has not shown the state court's rejection of these claims was unreasonable.

### B.  Art. 38.23 Instruction Regarding Speeding

#### 1.  *Trial court failed to provide an art. 38.23 instruction to the jury*

Petitioner contends the trial court erroneously overruled counsel's request for an instruction pursuant to Tex. Code Crim. Proc. art. 38.23. The failure to give an art. 38.23 instruction is a matter of state law and is not cognizable on federal habeas corpus. *Satchell v. Director*, No. 6:08-CV-360, 2011 WL 4402368 at *4 (E.D. Tex. August 22, 2011) (Magistrate Judge's Recommendation), *recommendation adopted* 2011 WL 4402364 (E.D. Tex. September 20, 2011). Also, petitioner was not entitled to an art. 38.23 instruction.

Article 38.23(a) of the Texas Code of Criminal Procedure provides:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

The Texas Court of Criminal Appeals has explained when an art. 38.23(a) instruction is necessary, as follows:

There are three requirements that a defendant must meet before he is entitled to the submission of a jury instruction under Article 38.23(a):

(1) The evidence heard by the jury must raise an issue of fact;

(2) The evidence on that fact must be affirmatively contested; and

(3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

There must be a genuine dispute about a material fact. If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law. And if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence. The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct.

*Madden v. State*, 242 S.W.3d 504, 510-11 (Tex. Crim. App. 2007) (footnotes omitted).

Petitioner argues there was no evidence about the reliability of the radar device, its calibration, whether it worked properly, and whether it was capable of checking speed in a forward direction while the patrol car was moving. Petitioner contends that without such evidence, the reliability of the device was in question.

In the pretrial suppression hearing, counsel questioned Trooper Brassfield about the workings of the radar device, but counsel did not question the trooper about these matters in front of the jury. A cross-examiner's questions do not create a conflict in the evidence. *Id.* at 513. Petitioner does not point to any testimony by Trooper Brassfield that created a fact issue about whether the radar device was working properly, and this Court has found none. Additionally, Trooper Brassfield did not testify in front of the jury about the workings of the radar device, so even if there were a fact issue created by his testimony at the suppression hearing, it was not before the jury. The state court could have reasonably determined that petitioner was not entitled to an art. 38.23 instruction. Petitioner has not shown the state court's rejection of this claim was unreasonable.

## 2. *Ineffective assistance of appellate counsel*
## *for not raising art. 38.23 issue*

Petitioner contends he received ineffective assistance because appellate counsel failed to raise an issue about the trial court's failure to give an art. 38.23 instruction. Respondent argues this claim of ineffective assistance of appellate counsel is unexhausted and procedurally barred, contending petitioner did not raise the claim in state court. However, petitioner's state habeas corpus application alleged he received ineffective assistance of counsel when counsel did not raise preserved issues on appeal, including an issue that the trial court erred by failing to give an art. 38.23 instruction. Docket Entry No. 16-5 at 51. This claim was exhausted in state court, but petitioner is not entitled to relief because this claim lacks merit. Because the trial court did not err in failing to give an art. 38.23 instruction, appellate counsel did not render ineffective assistance of counsel for failing to raise an issue about the lack of such an instruction. Petitioner has not shown the state court's rejection of this claim was unreasonable.

### C. Prosecutorial Misconduct

### 1. *Contradictory and false testimony*

Petitioner asserts the state presented contradictory and false testimony of Trooper Brassfield. At the suppression hearing and in the offense report, Brassfield stated he was traveling northbound and petitioner was traveling southbound. At trial, Brassfield testified they were both traveling southbound. He testified that his memory was refreshed from watching the video, and he acknowledged his offense report was in error. At the hearing, Brassfield stated he stopped the vehicle around 9:29 p.m., but at trial he said it was around 9:00 p.m.. At trial, Brassfield testified the vehicle had four doors, but later at trial he corrected his testimony and testified the vehicle had two doors. At trial, Brassfield said the smell of alcohol was strong when petitioner entered the

patrol car, but Brassfield did not testify about the odor of alcohol at the hearing. Brassfield's report contained a checkmark showing petitioner refused to give a blood sample, and there was no checkmark showing petitioner refused to provide a breath sample. However, at trial, Brassfield testified petitioner refused to give both a blood and breath sample.

The state may not knowingly use perjured testimony, and the state must correct perjured testimony if known. *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972); *Napue v. Illinois*, 360 U.S. 264, 269, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959). To prevail on such a claim, a petitioner must show the testimony was false, the testimony was material, and the prosecutor knew the testimony was false. *Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001). Contradictory testimony from witnesses, inconsistencies within a witness's testimony, and conflicts between reports, written statements and the trial testimony of prosecution witnesses do not, standing alone, establish perjury. *See Koch v. Puckett,* 907 F.2d 524, 531 (5th Cir. 1990) (holding that contradictory testimony from witnesses or inconsistencies in a witness's testimony at trial are to be resolved by the trier of fact and do not suffice to establish that certain testimony was perjured); *United States v. Martinez-Mercado,* 888 F.2d 1484, 1492 (1989) (holding that the omission of certain facts from disclosed reports and written statements of the prosecution's witnesses, alone, goes to the credibility of the witnesses, an area within the province of the jury, and does not establish perjury occurred); and *United States v. Viera,* 819 F.2d 498, 502 (5th Cir. 1987) (holding that inconsistencies between pre-trial and in-trial testimony do not, standing alone, establish perjury or put the prosecution on notice of possible perjury). Petitioner has not shown the state knowingly presented or failed to correct perjury, and he has not shown the state court's rejection of this claim was unreasonable.

2. *Closing argument referring to petitioner as a racist*

a. Claims of improper argument and
trial court error in permitting the argument

Petitioner contends there was prosecutorial misconduct when a prosecutor referred to him as

a racist in closing argument.  Petitioner also claims the trial court erred in permitting the state to

make that argument.  The following occurred in the state's closing argument:

> PROSECUTOR:   So then the question becomes, did he lack the normal use of his
> mental faculties?  Did he lack the normal use of his physical faculties? . . . I think once
> you get back to the jury room and start deliberating, I think you need no better evidence
> than the ranting of a man for an hour in a patrol car berating a trooper who has his
> liberty in his hands.  I don't care how profane – let's assume for argument's sake that
> he's just normally a profane, obnoxious, racist individual.  Let's assume for argument's
> sake that he is.
>
> DEFENSE COUNSEL: Judge, it's improper to call my Defendant, Mr. Gonzales, racist.
> . . . I object to calling him a racist.
>
> PROSECUTOR: Your Honor, there's a reasonable deduction from the evidence.  There
> was certainly a racial epithet that was uttered –
>
> COURT: That objection is overruled.
>
> PROSECUTOR: Okay.  And you-all can go back and listen to it, because it's in there.
> It's not pretty.  It's talking about our president.  You can say what you want about our
> president, but we don't – we don't use the blistering type of obnoxious, profane, awful
> language that this gentleman did – used against somebody that has his liberty in hand.
> Even if you're a profane, obnoxious person to begin with, when you're in somebody's
> custody in a trooper's vehicle –
>
> [Defense counsel objected to the racist comments and asked for a mistrial, which the
> trial court overruled and denied.]
>
> PROSECUTOR: . . . Normal use.  Let's say he's normally obnoxious, he's normally
> profane.  Doesn't it tell you something about his level of judgment, his level of
> impairment when he's obnoxious and profane in a patrol car with a guy that's got the
> keys to his handcuffs on his belt who's got a gun?  I mean, what – in what world would
> a – would a reasonable, unimpaired, nonintoxicated person do that under these
> circumstances?  There's not a world.  This gentleman was intoxicated and he placed the
> life of every person that was on that road that night in jeopardy.

And when you go back to deliberate, I think its going to be mightily important to look at that video again if you have any questions, because that video does more to show you the Defendant's complete loss of mental use or loss of his mental faculties or physical faculties than any other single piece of evidence. He gives you the evidence that you need to show – to establish that he was drunk. He was intoxicated. And because he was intoxicated and because he made the choice, the decision to get behind the wheel of a car and put every Randall County citizen who was on that road that night in jeopardy, their lives in jeopardy, he needs to be found guilty. We're asking you to find him guilty, and I know that's what you're going to do.

Docket Entry No. 15-2 at 75-77.

One of the two prosecuting attorneys – not the prosecutor who made the complained of closing argument – submitted an affidavit in response to the state habeas corpus application. The affidavit states:

[The video] reveals a person who was extremely intoxicated, argumentative, angry, and profane. His behavior toward the trooper was disrespectful and snide. And it was not only his behavior that was inappropriate. He made several racist comments among them referring to the current President of the United States by using the term n*****. Both [the other prosecutor] and I believed that this behavior was highly relevant in that it was indicative of Applicant's intoxicated state and gave the jury a revealing look into his state of mind on the night in question.

Docket Entry No. 16-5 at 143.

On federal habeas corpus review of a state court conviction, the appropriate standard of review for claims of improper argument is "the narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986). It "is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Darden*, 477 U.S. at 1891. Instead, to obtain relief on this claim, petitioner must show that the comments in question "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.*; *see also Styron v. Johnson*, 262 F.3d 438, 449 (5th Cir. 2001); *Dowthitt v. Johnson*, 230 F.3d 733, 755 (5th Cir.2000). In order to establish this,

"the petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Felde v. Blackburn*, 795 F.2d 400, 403 (5th Cir. 1986). When claiming improper comments by the prosecutor, the petitioner carries a substantial burden. *United States v. Diaz-Carreon*, 915 F.2d 951, 956 (5th Cir. 1990). A trial is rendered fundamentally unfair only if, in the context of the entire trial, the remarks were "crucial, critical, highly significant factors." *Ortega v. McCotter*, 808 F.2d 406, 410-11 (5th Cir. 1987). Improper argument by a prosecuting attorney should be found to exceed constitutional limits only in the most "egregious cases." *Id.* at 410.

In both federal trials and Texas trials, there are four proper areas of closing argument by the prosecution: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. *See Westbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); *Jackson v. Johnson*, 194 F.3d 641, 653 (5th Cir. 1999); *Buxton v. Collins*, 925 F.2d 816, 825 (5th Cir. 1991). Evidence of petitioner's behavior and demeanor showed the loss of normal use of mental faculties. *See Kirsch v. State*, 306 S.W.3d 738, 740, 746 (Tex. Crim. App. 2010) (evidence that defendant was combative, destructive, and exhibited poor impulse control supported driving while intoxicated prosecution); *Coleman v. State*, No. 07-04-0237-CR, 2005 WL 2255230 at *3 (Tex. App. – Amarillo, September 15, 2005) (evidence that defendant was cursing supported conviction for driving while intoxicated); *United States v. Smith*, No. SA-04-CR-228, 2005 WL 1459529 at *2 (W.D. Tex. June 3, 2005); (defendant's "odd behavior" of laughing loudly throughout sobriety tests was evidence supporting conviction for driving while intoxicated); *Kinsey v. State*, No. 01-95-00374-CR, 1999 WL 771519 at *2 (Tex. App. – Houston [1st Dist.] September 30, 1999) (evidence that defendant was verbally

abusive to officers supported conviction for driving while intoxicated).  The prosecutor's argument

was a reasonable deduction from the evidence and was proper in the context of showing petitioner

had lost the normal use of his mental faculties.  Petitioner has not shown the prosecutor's argument

violated his right to due process.  In light of the other evidence supporting the conviction (speeding,

slow reaction while driving, glassy eyes, and slurred speech), petitioner has not shown he was

harmed by the prosecutor's argument.  Petitioner has not shown the state court unreasonably

rejected these claims of prosecutorial misconduct nor has he shown trial court error in permitting the

closing argument.

b.  <u>Ineffective assistance of appellate counsel<br>for failure to raise an issue about the prosecutor's<br>closing argument referring to petitioner as a racist</u>

Petitioner also contends he received ineffective assistance on appeal, because appellate

counsel did not raise an issue about the prosecutor's closing argument referring to petitioner as a

racist and about the trial court's allowing such argument.  These claims are unexhausted because

petitioner did not raise them in his petition for discretionary review or his state habeas corpus

applications.  These unexhausted claims are also procedurally barred.  If he now tried to return to

state court to raise the allegations in a successive habeas application, the Court of Criminal Appeals

would refuse to review the merits based on the existence of an independent and adequate state

procedural bar. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (barring successive state habeas

applications absent a showing of cause or actual innocence);  *Martinez v. Johnson*, 255 F.3d at 239

(upholding rule as independent and adequate procedural bar).

Additionally, petitioner's claims of ineffective assistance of appellate counsel lack merit.

Because petitioner has not shown the prosecutor's argument violated petitioner's constitutional

rights, appellate counsel did not render ineffective assistance of counsel for failing to raise an issue

about the prosecutor's argument or about the trial court's allowing such argument.

3. *Claims of improper prosecutor's jury argument*
*based on abandoned or suppressed evidence*
*and trial court error in permitting the argument*

a. Blood-draw evidence

Petitioner contends the prosecutor presented argument based on evidence about the blood

draw. A nurse took a blood specimen from petitioner at the jail. Nurse Kaylen Cheri Claxton

testified before the jury about the blood draw. Department of Public Safety regional laboratory

manager Jim Thomas testified before the jury about the handling of the blood sample at the

laboratory. Before Thomas testified about the blood-alcohol test results, defendant objected, and the

jury was excused. Out of the jury's presence, the parties presented argument regarding the

procedures used in taking the blood sample from petitioner. Also out of the jury's presence,

Thomas testified that the blood-alcohol concentration was 0.24 grams per 100 milliliters of blood.

The trial court suppressed the results of the blood-alcohol test because proper medical procedures

were not followed in taking the blood sample from petitioner.

Petitioner does not identify any argument by the prosecutor about blood-alcohol evidence.

Although not pointed out by petitioner, in the opening statement at the beginning of trial, a

prosecutor stated as follows:

> [Petitioner's] blood sample is tested by the Department of Public Safety lab. Mr. Jim
> Thomas is going to come and tell you about that test. And what he's going to tell you
> is that when he performed the test, that [petitioner] came back at .24, three times the
> legal limit in the State of Texas.

Docket Entry No. 15-1 at 17. At the time of the opening statement, however, the trial court had not

yet ruled the blood-alcohol test result was inadmissible. Consequently, the prosecutor properly

argued what the evidence was expected to be at trial. At closing argument, the prosecutor did not

mention blood-alcohol evidence, because by then the trial court had ruled it inadmissible. In closing

argument, *defense counsel* pointed out the state's opening statement regarding a blood test as

follows:

> And you were promised some things in opening statement. Do you remember that? Do
> you remember what they promised you? I told you to remember, didn't I? Hold them
> to it. And nobody forced them to say what they were going to prove. Did they prove
> it? Did you see the evidence they said you would see? Did you see it? Where is it?
> Where is it? . . . They couldn't prove it. . . . They told you you were going to have a
> blood test. Where is it? They didn't prove their case. They promised it to you. They
> promised it to you. Nobody forced them to promise it. That alone is enough. They
> made you the promise, and now they're going to come to you and say, well, you know,
> we – we didn't prove what we promised, but we did enough. And go ahead and help us.
> Help us. Land the plane for us. It's not your job. They have to land it and they've got
> to land it 100 times out of 100. Not 3 times out of 10. And it just didn't happen in this
> case.

Docket Entry No. 15-2 at 86-87.

In the opening statement, a prosecutor may state the facts expected to be proved.

*Matamoros v. State*, 901 S.W.2d 470, 475 (Tex. Crim. App. 1995). There is no error if that

expected evidence is not introduced or admitted in the trial. *Id.* The prosecutor properly informed

the jury about the anticipated evidence of the blood-alcohol test result. However, that evidence was

not permitted at trial. The prosecutor did not present closing argument about blood-alcohol

evidence, and the trial court did not permit any such argument in closing. Defense counsel made a

strategic decision and argued to the jury that the state told the jury there would be evidence of a

blood test but that the state did not produce such evidence. Defense counsel's strategic decision,

however, does not provide any basis for federal habeas relief.

In support of his claim, petitioner only relies on a jury note asking if blood evidence was

thrown out and asking for the result of the blood alcohol test. Docket Entry No. 15-2 at 96-97. The

trial court instructed the jury that under the law the court was not allowed to answer the question, and the court referred the jury to the court's charge and to only the evidence admitted by the court. *Id.* The jury instructions did not include any mention of blood-alcohol levels. Petitioner has not shown he was harmed by the fact the jury asked about blood-alcohol evidence, in light of the trial court's instructions to the jury to follow the instructions and to consider only the admitted evidence. Even if the prosecutor's opening statement was error, petitioner has not shown he was harmed or entitled to habeas relief. Petitioner has not shown prosecutorial misconduct or trial court error regarding argument about blood-alcohol test results. Petitioner has not shown the state court's rejection of these claims were unreasonable.

### b. Escape

Petitioner contends the state abandoned the escape charge in the indictment, but a prosecutor's closing argument referred to the escape. At the close of the state's evidence, the trial court granted the state's motion to abandon the escape charge. Docket Entry No. 15-2 at 41. In closing argument, a prosecutor argued:

> PROSECUTOR: Let me, first of all, say – explain a little bit about what happened right before we – we started again this afternoon when we abandoned – or asked the Judge to allow us to abandon that escape charge. Let me say that – you saw with your own two eyes he got out of the vehicle and escaped, removed himself from the vehicle. He was in custody.

> DEFENSE COUNSEL: Judge, I'm going to object. They're arguing about something that's been, as I understood, withdrawn from consideration, and I think it's irrelevant to argue that before the jury.

> THE COURT: Sustained.

> PROSECUTOR: The – we want you to find the Defendant guilty for what he's guilty of, the DWI. And if we get something wrong, if there's something that's a technical problem, we want you – we don't want you to convict, because we want to see that justice is done in this case. And that's why we're asking you to consider that escape,

because guess what? You still get to consider it. Even though you can't convict him of it and it's gone forever, we won't be able to come back and try the escape, but here's why it's important. And this is really – it's – this is more important than the conviction on the escape. You can consider that escape as evidence of consciousness of guilt. I mean, is there any better evidence that the Defendant knew he was guilty than when he wiggled himself out of that seatbelt with his hands handcuffed behind his back and ran down two streets away – two blocks away and had to then be tased before he would even come into – before he could even be taken into custody again? That tells you – and I ask you to consider it. That tells you he knew he was guilty when he was in that patrol car and that's why he escaped, because he wanted to keep you from having the evidence that would allow you to convict him and find him guilty.

Docket Entry No. 15-2 at 70-72. Defense counsel again objected, and the trial court overruled the objection.

Under Texas law the jury could consider an escape, escape attempt, or flight as evidence of guilt of driving while intoxicated. *See Bridge v. Lynaugh*, 838 F.2d 770, 773-74 (5th Cir. 1988). The prosecutor was not asking the jury to convict petitioner of escape. The prosecutor asked the jury to consider the escape as evidence of petitioner's awareness of his guilt of DWI. Petitioner has not shown the prosecutor's argument was improper, and he has not shown the trial court erred in permitting the argument. Petitioner has not shown the state court's rejection of these claims was unreasonable.

c. Ineffective assistance of appellate counsel
for failure to raise an issue about the prosecutor's improper
closing argument referring to the escape and the blood test

Petitioner also contends he received ineffective assistance on appeal, because appellate counsel did not raise an issue about the prosecutor's closing argument referring to the escape and the blood test. These claims are unexhausted because petitioner did not raise them in his petition for discretionary review or his state habeas corpus applications. These unexhausted claims are also procedurally barred. If he now tried to return to state court to raise the allegations in a successive

habeas application, the Court of Criminal Appeals would refuse to review the merits based on the existence of an independent and adequate state procedural bar. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (barring successive state habeas applications absent a showing of cause or actual innocence); *Martinez v. Johnson*, 255 F.3d at 239 (upholding rule as independent and adequate procedural bar).

Additionally, petitioner's claims of ineffective assistance of appellate counsel lack merit. Petitioner has not shown the prosecutor's argument about the escape violated petitioner's constitutional rights. Petitioner has not shown that a prosecutor even presented closing argument about the blood test or that the trial court permitted any such closing argument. Petitioner has not shown he was harmed by the opening statement's reference to a blood test result. Petitioner has not shown he received ineffective assistance of appellate counsel for failing to raise an issue about these claims.

### D.  Sufficiency of the Evidence

#### 1. *No evidence - insufficient evidence*

Petitioner claims there was no evidence supporting his conviction. In Texas, a claim of insufficient evidence to support a conviction is only reviewable on direct appeal and such a claim is not cognizable in state habeas corpus. *Ex parte McWilliams*, 634 S.W.2d 815, 818 (Tex. Crim. App. 1980). Ex parte McWilliams, 634 S.W.2d 815, 818 (Tex. Crim. App. 1980). In state habeas corpus, a claim of "no evidence" may be raised. *Ex parte Williams*, 703 S.W.2d 674, 679 (Tex. Crim. App. 1986). A no evidence claim contends the case was so totally devoid of evidentiary support as to render his conviction unconstitutional under the Due Process Clause or that his conviction did not rest on any evidence at all. *Cf. Thompson v. City of Louisville*, 362 U.S. 199, 80

S. Ct. 624, 4 L. Ed. 2d 654 (1960); *Ex parte Williams*, 703 S.W.2d 674.

Petitioner did not raise a claim of insufficient evidence on appeal, but he did raise a no evidence claim in state habeas corpus. Although petitioner used the language "no evidence" to assert his claim, the claim was actually a sufficiency of the evidence claim rather than a true no evidence claim and was necessarily construed as such. The Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. When the Court of Criminal Appeals denies a state habeas petitioner's insufficient evidence claim without written order, that means the claim is denied because the claim is not cognizable. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Consequently, the Texas Court of Criminal Appeals has never been properly presented with petitioner's sufficiency of the evidence claim nor has that court made a determination on the merits of such claim. Petitioner's federal petition claims there was no evidence, but he is actually arguing the evidence was insufficient to support his conviction. His claim is unexhausted and procedurally barred. Additionally, his claim lacks merit.

In *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), the Supreme Court enunciated the standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding. The Court stated the test is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. at 319. In applying this standard, "all of the evidence is to be considered in the light most favorable to the prosecution." *Id.* The Court went on to say that "[t]his familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

All credibility choices and conflicts in inferences are to be resolved in favor of the verdict. *United States v. Graves*, 669 F.2d 964, 969 (5th Cir. 1982). Sufficiency of the evidence must be gauged in light of applicable state law, *Jackson*, 443 U.S. at 324; *McGee v. Estelle*, 732 F.2d 447, 451 (5th Cir. 1984), and federal courts should defer to state evidentiary rules. *Moore v. Duckworth*, 443 U.S. 713, 714-15, 99 S. Ct. 3088, 61 L. Ed. 2d 865 (1979)

Trooper Brassfield testified petitioner was speeding, petitioner had slurred speech and glassy eyes, there was a strong odor of alcohol when petitioner sat in the patrol car, petitioner refused to submit to blood-alcohol testing, petitioner's reaction time was slow when petitioner made a u-turn, and petitioner had lost the normal use of his mental faculties. This evidence was sufficient to support a conviction for driving while intoxicated. *See Cotton v. State*, 686 S.W.2d 140, 142 n.3 (Tex. Crim. App. 1985) (signs of intoxication include slurred speech, bloodshot eyes, and odor of alcohol on the person); *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979) (officer's testimony that a person was intoxicated provided sufficient evidence to establish element of intoxication).

### 2. *Ineffective assistance of appellate counsel for failing to raise this issue*

Petitioner asserts he received ineffective assistance on appeal, because appellate counsel did not raise an issue about the sufficiency of the evidence. Because the evidence was sufficient to support the conviction, petitioner did not receive ineffective assistance of counsel for failing to raise the issue on appeal. Additionally, in an affidavit submitted in response to the state habeas corpus application, appellate counsel stated she reviewed the evidence and believed it would have been futile to raise an appellate issue about the sufficiency of the evidence. Docket Entry No. 16-5 at 135-36. Petitioner has not shown the state court's rejection of this claim was unreasonable.

### E.   Additional Claims of Ineffective Assistance of Counsel on Appeal

#### 1.   *Failure to raise issues regarding*
*ineffective assistance of trial counsel*

In addition to the claims of ineffective assistance of appellate counsel addressed in other sections of this Recommendation, petitioner contends appellate counsel should have raised issues about ineffective assistance of trial counsel.  Because petitioner's claims of ineffective assistance of trial counsel lack merit, he has not shown he received ineffective assistance of appellate counsel for failing to raise such claims on appeal.  Additionally, appellate counsel's affidavit stated the record showed trial counsel must have conducted investigation and was aware of the state's evidence. Docket Entry No. 16-5 at 134-35. Appellate counsel also stated the trial record did not contain evidence about the reasoning behind trial counsel's strategic decisions and appellate courts do not consider ineffective assistance claims without an adequate record.  *Id.*; *see Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).  Petitioner has not shown the state court unreasonably rejected this claim of ineffective assistance of appellate counsel.

#### 2.   *Failure to notify petitioner*
*the conviction was affirmed on appeal*

Petitioner claims his appellate attorney failed to notify him that his conviction was affirmed by the state court of appeals.  Petitioner raised this claim in his first state habeas corpus application, and the Texas Court of Criminal Appeals granted relief by permitting petitioner to file an out-of-time petitioner for discretionary review.  Petitioner again raised this claim in his second state habeas corpus application, which was denied.

The constitutional right to counsel ends when the decision by the state court of appeals is entered.  *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002).  Therefore, a petitioner is not

entitled to federal habeas corpus relief on the ground that appellate counsel did not timely notify petitioner of the outcome of the appeal in the state court of appeals, thereby depriving petitioner of the opportunity to file a petition for discretionary review. *Id.* Moreover, the Texas Court of Criminal Appeals granted relief on this claim, and petitioner filed a petition for discretionary review. This claim is moot, and petitioner is no longer prejudiced by appellate counsel's failure to timely notify him about the result of his appeal. Petitioner has not shown that the state court's denial of this claim in his second state habeas corpus application was unreasonable.

## V.
## RECOMMENDATION

Petitioner has failed to present any cognizable or meritorious claim warranting federal habeas corpus relief. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RUDY GONZALES, be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _____7th_____ day of September 2016.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).